IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| EPHRAIN RELIFORD, JR., #217462, | ) Civil Action No. 3:06-1259-JFA-JRM |
| Plaintiff, | ) |
| vs. | ) |
| BRENT ALEXANDER, | ) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |

Plaintiff filed this action, pro se, in the Court of Common Pleas of Kershaw County, South Carolina on April 27, 2004. Defendant removed this action to this court on April 26, 2006.[1] On May 3, 2006, Defendant filed a motion to dismiss or in the alternative for summary judgment. Plaintiff, because he is proceeding pro se, was advised on May 11, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion to dismiss and/or for summary judgment could result in the dismissal of his complaint. Plaintiff filed a motion to remand this action to state court on May 18, 2006. On May 22, 2006, Plaintiff filed a response in opposition to Defendant's motion to dismiss or for summary judgment. On May 25, 2006, Defendant filed a reply to Plaintiff's opposition memorandum and a response in opposition to Plaintiff's motion to remand. Plaintiff filed a response on June 7, 2006.

MOTION TO REMAND

Plaintiff first contends that his motion to remand should be granted because removal was premature. He claims that this court lacks subject matter jurisdiction over this action because it was

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

removed prior to the state court's final order concerning Plaintiff's motion to alter or amend an order to set aside entry of default (discussed below). Alternatively, Plaintiff claims that Defendant waived removal because Defendant did not file his notice of removal within thirty days of being served with the Complaint. Defendant contends that removal was proper because it was not done prematurely and the notice of removal was not untimely.

As discussed above, Plaintiff filed this action in state court on April 27, 2004. At the time of the alleged incident, Defendant was a Second Lieutenant Officer in the United States Army. See Certification of Scope of Employment by United States Attorney (Attachment to Notice of Removal). On October 25, 2005, the state court, at Plaintiff's request, filed an entry of default against Plaintiff. On October 21, 2005, Defendant filed a motion to set aside entry of default, arguing that he was never served with the summons and complaint and that Plaintiff also failed to properly serve him because Plaintiff failed to serve the United States Attorney General, the United States Attorney for the District of South Carolina, and the United States Army.[2] Plaintiff attempted to serve Defendant

---

[2]The Federal Rules provide:

> Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States--whether or not the officer or employee is sued also in an official capacity--is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g).

Fed. R. Civ. P. 4(i)(2)(B). Service on the United States is effected:

> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
> (B) by also sending a copy of the summons and of the complaint by registered or

(continued...)

by serving only Lt. Alexander. Alexander states that he was sent a copy of a Fort Gordon Criminal Investigative Vehicle Inventory Form, but no copy of the summons and complaint. Alexander Aff. (Attachment to Motion to Set Aside Default). On April 10, 2006, the Honorable James R. Barber, III, South Carolina Circuit Court Judge, ordered that default be set aside and allowed Plaintiff to file his amended complaint. In his order, Judge Barber wrote that Plaintiff's apparent failure to serve Defendant with service of process and his failure to serve the U.S. Attorney General, U.S. Attorney, and Army required the court to set aside the Entry of Default. See Judge Barber's Order at 6 (Attachment to Notice of Removal). Plaintiff filed a motion asking Judge Barber to alter and amend the order. On April 27, 2006, Judge Barber denied Plaintiff's Motion. Exhibit A to Plaintiff's Motion to Remand.

Plaintiff fails to show that removal was "premature." Under 28 U.S.C. § 1442a, a member of the armed forces of the United States on account of an act done under color of office may remove an action at any time before trial or final hearing.[3] The United States Attorney has certified that

---

[2](...continued)

> certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>
> (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

Fed. R. Civ. P. 4(i)(l).

[3]This statute provides:

> A civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States on account of an act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, or under the law of war, may at any time before the trial or final hearing thereof be removed for trial into the district court of the United States for the district where it is

(continued...)

Defendant was acting within the scope of his duties during the relevant time period. See Certification of Scope of Employment by United States Attorney. Such a certification of scope of employment "conclusively establish[es] scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2). Borneman v. United States, 213 F.3d 819, 826 and 829 (4th Cir. 2000); Ross v. Bryan, 309 F.3d 830, 835-836 (4th Cir. 2002).[4]

Plaintiff also fails to show that notice of removal was untimely. As noted above, removal was prior to the trial or final hearing. See 28 U.S.C. § 1442a; see also Reliford v. Pearson, 2004 WL 2660229 (D.S.C. 2004). Even if 28 U.S.C. § 1446(b) applies, the notice of removal was not timely because Plaintiff has not shown that Defendant did not file notice within thirty days of service of the summons and complaint. The notice of removal in a civil action:

---

[3](...continued)

> pending in the manner prescribed by law, and it shall thereupon be entered on the docket of the district court, which shall proceed as if the cause had been originally commenced therein and shall have full power to hear and determine the cause.

28 U.S.C. § 1442a.

[4]Plaintiff appears to claim that Defendant was not acting within the scope of his duties based on a failure of Defendant to answer requests for admission, which Plaintiff claims are now admitted. These requests for admissions include the statements of "3. At the time you obtained said property you did not have legal authorization from Ephrain Reliford, Jr., or the United States Army Laws, to obtain said property[]" and "8. You were acting under the orders of your superiors when you obtain [sic] said property from Aiken County Sheriff [sic] Department on April 4, 1994." There is, however, no evidence that this action had been "commenced" under South Carolina law at the time the interrogatories were allegedly served. Under the South Carolina Rules of Civil Procedure, an action is commenced when the summons and complaint are filed with the clerk of court if both are served within the period of the statute of limitations or "if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing." S.C.R. Civ. P. 3(a)(2). The South Carolina Rules of Civil Procedure provide that interrogatories and requests for admission may be served, without leave of court, "upon the plaintiff after **commencement** of the action and upon any other party with or after service of the summons and complaint upon that party." S.C.R.Civ. P. 33 and 36 (emphasis added).

> shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). The thirty-day period for removal is not triggered until a defendant is formally served or waives service. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999) (rejecting a "receipt rule" and finding that thirty-day removal period did not run when a defendant received a faxed, file-stamped copy of a complaint, but rather from time the defendant was formally served by certified mail). Plaintiff argues that Defendant was served on May 12, 2004 by certified mail. See Ex. C to Plaintiff's motion to remand. As noted above, Defendant states that he was never served with the original Complaint and summons and Judge Barber found that Plaintiff's failure to serve Defendant with service of process required the state court to set aside entry of default. It is, therefore, recommended that Plaintiff's motion to remand be denied.

MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

In his amended complaint, Plaintiff claims that Defendant violated his constitutional rights and seeks recovery under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). Plaintiff also appears to claim that Defendant interfered with a bailment contract he alleges he had with the Aiken County Sheriff's Department ("ACSD"). Defendant contends that Plaintiff's action is barred by the applicable statute of limitations.

Plaintiff is an inmate at Kershaw Correctional Institution of the South Carolina Department of Corrections, serving a thirty year sentence for an involuntary manslaughter which occurred on December 31, 1993 in Aiken County, South Carolina. At the time, Plaintiff was in the United States Army, stationed at Fort Gordon, Georgia. He claims that Defendant obtained his personal property without a warrant or other document and that Defendant still has this property and has not returned it. In approximately April of 1994, Plaintiff's car was being repossessed. Defendant states that he,

at the order of his commanding officer, drove to Aiken and obtained Plaintiff's belongings (that had been in Plaintiff's car) from the ACSD's evidence department and transported them to Ft. Gordon. Plaintiff appears to claim that the inventoried items shown as "coins" on the Fort Gordon Criminal Investigative Commend Vehicle Inventory Form were actually a valuable collection of old coins.

Defendant contends that Plaintiff's action is barred by the applicable statutes of limitations because it was filed more than ten years after the alleged incident. State law concerning limitation of actions applies in claims brought under § 1983 and in Bivens actions. See Wilson v. Garcia, 471 U.S. 261, 266 (1985); see also Burnett v. Grattan, 468 U.S. 42 (1984); Owens v. Okure, 488 U.S. 235 (1989); Reinbold v. Evers, 187 F.3d 348 (4th Cir. 1999)[Table]. In South Carolina, the statute of limitations is generally six years for claims arising before April 5, 1988, and three years for claims arising after that date. S.C. Code Ann. § 15-3-530; S.C. Code Ann. § 10-143 (1962). Prior to March 1996, the limitations period was tolled for a person who was imprisoned, but for no more than five years. S.C. Code Ann. § 15-3-40; S.C. Code Ann. §10-104 (1962).[5] A cause of action which is subject to the South Carolina Tort Claims Act, § 15-78-10 et seq., must be filed within two years after the date the loss was or should have been discovered, where a claim was not filed within one year of the alleged incident. S.C. Code Ann. § 15-78-110. A cause of action under the Federal Tort Claims Act must be presented to the appropriate Federal agency within two years after the claim accrues, and the tort suit must be begun within six months after the date of the final denial of the

[5]It is unclear whether all events alleged occurred in South Carolina or if any of the events occurred in Georgia. Under Georgia law, the statute of limitations is generally two years. O.C.G.A. § 9-3-33 (actions for injuries to the person shall be brought within two years after the right of action accrues; see Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986).

claim by the agency to which it was presented. See 28 U.S.C. § 2401(b); Dyniewicz v. United States, 742 F.2d 484, 485 (9th Cir. 1984).[6]

It is recommended that Plaintiff's action, which was filed more than ten years after the alleged incident, be dismissed as it is barred by the applicable statutes of limitations discussed above. Plaintiff alleges that his action is not barred because he:

> did not discover that Brent Alexander had obtain[ed] his property until January 5, 2004, after being informed by the Aiken County Sheriff Department's Attorney, as there was no direct documented evidence that Brent Alexander had obtain[ed] this property, nor did the Aiken County Sheriff['s] Department, Brent Alexander or any of agent[s] inform Ephrain Reliford that Brent Alexander had obtained his property.

Amended Complaint at 1. Defendants contend that the critical date to determine when Plaintiff's cause of action accrued is not when Plaintiff discovered who retrieved his car and property, but instead is when he discovered that the car and property had been taken by the ACSD. Defendant's Reply at 2.

A claim accrues when the plaintiff knows, or has reason to know, of the injury that forms the basis of the action. Sameric Corp. of Del. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). A tort claim pursuant to FTCA accrues when plaintiff knows or reasonably should know of existence and cause of his injury. 28 U.S.C.A. § 2401(b).

In a previous action in this Court, Reliford asserted that the ACSD failed to properly inventory, secure, and return his vehicle and its contents to him. In that action, Reliford wrote that "Plaintiff states that he did not discover the facts of the injury until January 9, 1995, when discovery was completed in the pending [state] criminal case." Civil Action No. 1:01-4075-JFA-JRM,

---

[6]To the extent that this action is interpreted as a contract action under South Carolina law, such an action must be brought within three years. S.C. Code Ann. § 15-35-30(1).

Supplement to Plaintiff's Objections, filed May 1, 2002 (Doc. 41). Thus, Plaintiff's claim accrued at least by January 9, 1995, more than nine years before this action.[7] Additionally, Plaintiff appears to have learned of Defendant's identity previously, as he filed an action against Alexander in November 2001, which was dismissed on Plaintiff's motion because he was unable to locate or serve the defendants in the case. See Civil Action No. 0:01-04246-JFA-JRM. It should be noted that Plaintiff previously filed an action against Defendant in November 2001, which was dismissed for Plaintiff's failure to serve. See Civil Action No. 0:01-4246-JFA-JRM.

---

[7]Filings in other actions in this Court also indicate that Plaintiff knew or should have reasonably known of the injury that forms the basis of this action and that he knew or reasonably knew of the existence and cause of his injury well before January 2004. In November 2000, Plaintiff brought an action against unnamed agents of the U.S. Army in which he alleged that agents of the United States Army seized his vehicle and turned the vehicle and its contents over to the ACSD, which returned the contents to the Army four months later. See Report and Recommendation filed on December 11, 2000 in Civil Action 3:00-3667-JFA-JRM (Doc. 4). In a report and recommendation in Civil Action 1:01-4075-JFA-JRM, the undersigned noted:

> On February 7, 2000, Plaintiff filed an action in the Aiken County Court of Common Pleas against the Aiken County Sheriff and the Aiken County Solicitor (00-CP-02-83). The Aiken County Sheriff agreed to deliver to SCDC those items listed on an inventory return from State of Georgia officials (see Defendants' Motion for Summary Judgment, Ex. 2) as well as replacements for two items that could not be located. Judge Rodney Peeples, South Carolina Circuit Court Judge, found that any other items of personal property which may have been stored in Plaintiff's automobile were returned to the custody of the Criminal Investigative Division of the United States Army at Ft. Gordon, and that the Aiken County Sheriff could only be required to return the items he had in his possession.

Civil Action 01-4075-JFA-JRM (Doc. 44).

CONCLUSION

Based on review of the record, it is recommended that Plaintiff's motion to remand (Doc. 9) be denied and Defendant's motion to dismiss (Doc. 4) be granted.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

January 5, 2007

Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).